UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLA JEAN LYON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Hala Y. Jarbou

Case No. 1:22-cv-949

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it is not supported by substantial evidence.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **reversed and remanded** for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on February 12, 2020, alleging that she became disabled as of January 14, 2020, due to cellulitis and lymphedema in her right arm, carpal tunnel syndrome and numbness/tingling in both hands, hypertension, depression, anxiety, difficulty focusing, and loss of grip and strength. (PageID.111–12, 238–39.) Plaintiff was age 57 at the time of her alleged onset date. (PageID.111.) She had a college education and had past work as a loan

clerk and loan processor. (PageID.52, 94–96.) Plaintiff's application was denied initially and on reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ).

On June 2, 2021, ALJ Nicholas M. Ohanesian held a hearing and received testimony from Plaintiff and Sandra Smith-Cordingly, an impartial vocational expert (VE). (PageID.84–109.) On June 29, 2021, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled from her alleged onset date through the date of the decision. (PageID.67–78.) The ALJ issued an amended decision on August 3, 2021, which considered records that had submitted following the hearing, but still found Plaintiff not disabled. (PageID.42–53.) The Appeals Council denied Plaintiff's request for review on August 22, 2022. (PageID.28–30.) The ALJ's ruling thus became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on October 12, 2022.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through March 31, 2025, and had not engaged in substantial gainful activity since her alleged onset date of January 14, 2020, the ALJ found that Plaintiff suffered from severe impairments of breast cancer; lymphedema; carpal tunnel syndrome and trigger thumb bilaterally with release; obesity; and systemic inflammatory response syndrome (SIRS). (PageID.44–45.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.47–48.)

The ALJ found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), except:

> The claimant can frequently climb ramps and stairs, but never climb ladders, ropes or scaffolds. The claimant can frequently balance, stoop, and kneel; and can occasionally crouch and crawl. The claimant can frequently finger bilaterally and frequently reach with her dominant right upper extremity. The claimant can have frequent exposure to extreme cold, extreme heat, humidity, vibration and hazardous moving machinery and unprotected heights.

(PageID.48.)

At step four, the ALJ determined that Plaintiff retained the RFC to perform her past relevant work as a loan clerk, as actually and generally performed. (PageID.52.) Therefore, the ALJ concluded that Plaintiff was not disabled.

## DISCUSSION

Plaintiff raises three issues in her appeal: (1) the ALJ failed to properly evaluate the opinion of her treating source, David Barney, PA-C; (2) the ALJ failed to evaluate the third-party function report by Plaintiff's husband; and (3) the ALJ failed to properly evaluate Plaintiff's subjective symptoms. (ECF No. 13 at PageID.1116.)

**I.     PA Barney's Opinion**

Because Plaintiff filed her application after March 27, 2017, the ALJ evaluated the medical opinions pursuant to 20 C.F.R. § 404.1520c. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 404.1520c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of

5

this section, as appropriate." 20 C.F.R. § 404.1520c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1520c(1)–(5). The ALJ must explain his or her consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. 20 C.F.R. § 404.l520c(b)(2), (3). The regulations explain "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(1)–(2).

The ALJ is to conduct this analysis with regard to all opinions, but is not required to give controlling weight to an opinion from any particular source. The former rule, well-known as "the treating physician rule[, thus] no longer applies." *See Takacs v. Kijakazi*, No. 1:20-cv-02120, 2022 WL 447700, at *8 (N.D. Ohio Jan. 26, 2022), *report and recommendation adopted*, 2022 WL 445767 (N.D. Ohio Feb. 14, 2022). "'Although the new standards are less stringent in their requirements for the treatment of medical opinions, they still require that the ALJ provide a coherent explanation of [his] reasoning.'" *Sadger v. Comm'r of Soc. Sec.*, No. 2:20-cv-11900, 2021 WL 4784271, at *13 (E.D. Mich. Aug. 23, 2021), *report and recommendation adopted*, 2021 WL 4316852 (E.D. Mich. Sept. 23, 2021) (quoting *White v. Comm'r of Soc. Sec.*, No. 1:20-CV-588, 2021 WL 858662, at *21 (N.D. Ohio Mar. 8, 2021)).

On May 20, 2020, Plaintiff's treating provider, David Barney PA-C, issued a Medical Source Statement setting forth Plaintiffs' diagnoses, symptoms, and Mr. Barney's opinions concerning Plaintiff's functional limitations  The ALJ summarized and evaluated the opinion as follows:

> On May 20, 2020, Mr. David Barney, a physician's assistant, completed a Medical Source Statement on behalf of the claimant. Ex. 7F/2. He reported seeing the claimant monthly for approximately 4 years. He reported that the claimant had a swollen right arm and significant weakness in her right arm and hand. Ex. 7F/2. Mr. Barney asserted that emotional factors contributed to the severity of the claimant's symptoms and functional limitations. He asserted that the claimant's symptoms would interfere with her ability to concentrate and she would be off task 25% or more of the workday. Ex. 7F/3. He asserted that the claimant could tolerate moderate stress. Mr. Barney opined that the claimant could sit for 15 minutes at one time, stand for 10 minutes at a time and could sit, stand or walk less than 2 hours total in an 8-hour workday. Ex. 7F/3-4. The claimant would need to walk for 10 minutes every 5 minutes and would need a job that permitted shifting positions at will. He opined that the claimant would take unscheduled breaks every 10-15 minutes every 10-15 minutes. The claimant could occasionally lift and/or carry less than 10 pounds, occasionally look down, turn her head right or left, and look up. She could never hold her head in a static position. Ex. 7F/4. The claimant could occasionally twist and climb stairs and never stoop, crouch, squat or climb ladders. Ex. 7F/5. The claimant could never use her right hand, fingers or arm and could use her left hand, fingers or arm only 50% of the time. The claimant would likely miss more than 4 days per month. Ex. 7F/5. I do not find Mr. Barney's opinions persuasive. Mr. Barney's very restrictive limitations are not supported by any references to the record or testing or with explanation. Moreover, Mr. Barney's opinions are inconsistent with the medical evidence of record, in particular, the claimant's exam with Dr. Geoghegan in August 2020 and her ability to do some housework, cooking and cleaning. Exs. 1F/6; 4F/5; 9F/2-3; 11F/8-9; 15F/8-10, 16, 20-22; 16F/2-3, 6, 20; 17F/4; 19F/2-5; hearing testimony.

(PageID.52.)

Plaintiff argues that that the ALJ failed to properly assess Mr. Barney's opinion with regard to both supportability and consistency. Regarding supportability, Plaintiff contends that the ALJ erroneously found that Mr. Barney failed to support or explain his opinion with references to the record or with testing or explanation because Mr. Barney listed her symptoms, including chronic

7

right arm pain and weakness, and cited positive clinical findings of swollen right arm with poor circulation and color, significant weakness in the right arm/hand, and inability to grip. (ECF No. 13 at PageID.1136 (citing PageID.576).) Plaintiff further argues that the ALJ's consistency analysis is flawed because he failed to explain sufficiently why Mr. Barney's opinion was inconsistent with Dr. Geoghegan's August 2020 consultative examination or the medical records that the ALJ cited. (*Id.* at PageID.1137–41.) Finally, Plaintiff contends that the ALJ's reliance on her ability to do some housework, cooking, and cleaning, without accounting for limits on these activities she reported, does not demonstrate inconsistency between her activities and the opinion. (*Id.* at PageID.11141–42.)

While acknowledging that Mr. Barney did cite clinical findings in his opinion concerning Plaintiff's right arm pain and weakness resulting from her lymphedema, Defendant responds that the ALJ's supportability analysis was correct because the cited findings would not have supported Mr. Barney's other extreme limitations involving standing, sitting, or walking; the need to take breaks and shift positions at will; the ability to move her head, twist , stoop, crouch, or squat; and limiting use of her left arm, hand, and finger to 50 percent of the time. (ECF No. 15 at PageID.1193.) Regarding consistency, Defendant contends that support for the ALJ's analysis may be found elsewhere in the decision, including his discussion of the treatment notes and the largely normal consultative examination findings. (*Id.* at PageID.1193–95.)

With regard to supportability, the ALJ overlooked or ignored Mr. Barney's findings pertaining to Plaintiff's symptoms of her right upper extremity lymphedema. The fact that these right arm clinical findings might not support limitations relating to other functions is beside the point. It is true that Mr. Barney did not support most of his opined functional limitations with references to the record or testing, but the ALJ should have acknowledged his findings or

8

explanation regarding Plaintiff's use of her right upper extremity and articulated his reasons why they did or did not support Dr. Barney's right arm limitations. *Cf. William G. v. Comm'r of Soc. Sec.*, No. 2:22-cv-213, 2022 WL 4151381, at *8 (S.D. Ohio Sept. 13, 2022), *report and recommendation adopted*, 2022 WL 16745337 (S.D. Ohio Nov. 7, 2022) ("While the ALJ may ultimately find Dr. Babson's opinion unsupported, he must explain his reasoning." (citing 20 C.F.R. § 404.1520c(b)(2))). As one court has observed, the regulation requires a "minimum level of articulation" to facilitate subsequent review, and an ALJ's failure to comply with this requirement "frustrates this court's ability to determine whether [the ALJ's] disability determination was supported by substantial evidence." *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495, 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021). The ALJ's failure to adequately address the supportability factor warrants remand.

Turning to the ALJ's consistency analysis, as Plaintiff notes, the ALJ cited several medical records without explaining what about those records was inconsistent with Mr. Barney's opinions. For example, the ALJ cited the first two pages of Dr. Geoghegan's report, which largely reflected Plaintiff's own statements about her symptoms, limitations, and treatment of lymphedema and frequent cellulitis in her right arm, but he did not point out any specific inconsistencies with Mr. Barney's opinion. (PageID.44 (citing PageID.587–88.) Certainly Dr. Geoghegan's consultative report contained findings that were inconsistent with the opined limitations, but the ALJ failed to draw the requisite connection in his analysis. His citation of medical records likewise omitted explication. One record, notes from a June 19, 2019 follow-up visit for Plaintiff's breast cancer, reported "[o]bvious right upper extremity lymphedema, most pronounced in forearm." (PageID.52 (citing PageID.369 and 755).) The ALJ cited the first page of this record elsewhere in his decision as supporting "chronic right upper extremity lymphedema with frequent episodes of cellulitis

involving that arm." (PageID.49 (citing PageID.369).) Another record, a September 30, 2020 note from a visit for a sore throat (PageID.615–16), discloses no apparent basis to support inconsistency with the opinion. The ALJ cited this record elsewhere to support Plaintiff's carpal tunnel syndrome assessment in June 2017. (PageID.50 (citing PageID.615.) The same is true of a list of diagnoses from a February 11, 2020 record (PageID.401), which the ALJ cited elsewhere in discussing Plaintiff's SIRS diagnosis in February 2017. (PageID.50 (citing PageID.401).) Although Defendant urges the Court to look elsewhere in the decision to ascertain the ALJ's rational for his consistency analysis, the regulation requires the ALJ—not the Commissioner or a court on appeal—to articulate his persuasiveness findings. *See Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. 2021) (noting that "[i]t is not the role of a reviewing court to comb the record and imagine manifold ways in which the factors could have been applied to the evidence that was presented").

In short, remand is warranted because the ALJ failed to meet the regulation's minimum level of articulation as to Mr. Barney's opinion. *See Sandrock v. Comm'r of Soc. Sec.*, No. 1:20-cv-1033, 2022 WL 4180607, *5 (W.D. Mich. Sept. 13, 2022) (finding remand warranted because the ALJ "failed to set out a sufficient analysis of the evidence to allow an appellate court to trace the path of his reasoning" (citing *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011))).

## II.    Third-Party Function Report

Next, Plaintiff contends that "[t]he ALJ did not acknowledge [her husband's third-party function] report in his decision[,] nor did he evaluate [her husband's] statements." (ECF No. 13 at PageID.1142.) This argument lacks merit. To begin, the ALJ did consider Plaintiff's husband's report, noting, "In a function report, the claimant's spouse generally corroborated the claimant's allegations." (PageID.49.) As Defendant correctly points out, the ALJ was not required to evaluate

Plaintiff's husband's statement under 20 C.F.R. § 404.1520(a)-(c).  20 C.F.R. § 404.1520c(d); *see also Hays v. Comm'r of Soc. Sec.*, No. 1:20-CV-02243, 2021 WL 6503788, at *22 (N.D. Ohio Nov. 1, 2021), *report and recommendation adopted*, 2021 WL 5863976 (N.D. Ohio Dec. 10, 2021). Thus, Plaintiff fails to demonstrate procedural error. In addition, the ALJ's mention of the report and statement that it generally corroborated Plaintiff's allegations indicates that the ALJ properly considered the report. 20 C.F.R. § 404.1529(3); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).

Accordingly, this claim of error lacks merit.

### III.     Evaluation of Plaintiff's Subjective Symptoms

An ALJ evaluates a claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms of an alleged disability in accordance with SSR 16-3p. "While SSR 16-3p eliminated the use of the term 'credibility,' the regulatory analysis remains the same." *Karmol v. Comm'r of Soc. Sec.*, No. 1:17-cv-977, 2019 WL 1349485, at *3 (W.D. Mich. Mar. 26, 2019). An ALJ should consider the factors set forth in 20 C.F.R. § 404.1529(c)(3) but "is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Comm'r of Soc. Sec.*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases). SSR 16-3p explains that an ALJ's decision must "contain specific reasons for the weight given to an individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so that the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10. Moreover, the same rules of review apply to an ALJ's assessment of a claimant's symptoms under SSR 16-3p that applied to a credibility assessment under SSR 96-7p. That is, the ALJ's determination must be afforded deference so long as it is supported by substantial evidence. *Walters*, 127 F.3d at 531. "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference,

11

particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id.* However, "blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).

Plaintiff contends that the ALJ's discussion of her subjective symptoms is deficient because it was limited to a boilerplate statement that lacks specific reasons for the weight the ALJ gave to Plaintiff's statements concerning her symptoms. (ECF No. 15 at PageID.1145.) Defendant, on the other hand, cites the ALJ's statement that Plaintiff's statements were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision," and points to the ALJ's discussion of the evidence throughout his decision to support that the ALJ properly evaluated Plaintiff's subjective complaints. (ECF No. 15 at PageID.1184–92.)

The ALJ's error here is one of articulation. As noted above, SSR 16-3p requires an ALJ to clearly provide his reasons for discounting the claimant's subjective symptoms. The ALJ failed adequately to explain why he found Plaintiff's subjective complaints inconsistent with the medical or other evidence in the record. *See Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 829-30 (E.D. Mich. 2017) (ALJ decision must provide accurate and logical bridge between evidence and result, and must permit meaningful review). While the ALJ referred to "the medical . . . and other evidence" and "the reasons explained in this decision," he provided no specific analysis that would permit this Court to determine that substantial evidence supports his evaluation of Plaintiff's subjective statements. The present situation is similar to that in *Fish v. Commissioner of Social Security*, No. 1:18-CV-1257, 2019 WL 8129461 (W.D. Mich. Oct. 3, 2019), *report and*

12

*recommendation adopted*, 2020 WL 1028055 (W.D. Mich. Mar. 3, 2020), in which the court found that the ALJ's decision to discount the plaintiff's testimony and other statements was not supported by substantial evidence because the court was "left to guess as to . . . the ALJ's logic or reasoning" that was "not readily discernable from her opinion." *Id.* at *4; *see also Gora v. Comm'r of Soc. Sec.*, No. 1:18-CV-2987, 2019 WL 6877654, at *8 (N.D. Ohio Dec. 17, 2019) ("A better explanation of the ALJ's rejection of Gora's statements was necessary so that Gora and this court could have understood his reasoning."). Defendant's *post hoc* rationalizations are insufficient to fill the gap. *See Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014) ("In reviewing an ALJ's findings and conclusions, this Court shall not 'accept appellate counsel's post hoc rationalization for agency action in lieu of [accurate] reasons and findings enunciated by the Board.'") (quoting *Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir. 1991)); *Allen v. Berryhill*, 273 F. Supp. 3d 763, 774 (M.D. Tenn. 2017) ("[T]he Court notes that it 'may not accept appellate counsel's post hoc rationalizations for agency action. It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.'" (quoting *Berryhill v. Shalala*, No. 92-5876, 1993 WL 361792, at *6 (6th Cir. Sept. 16, 1993))). For example, Defendant points out that Plaintiff's receipt of unemployment benefits during the relevant period was at odds with her claim of disabling limitations. (ECF No. 15 at PageID.1189.) While that is an accurate statement, *see Dukes v. Comm'r of Soc. Sec.*, No. 16-CV-872, 2017 WL 2471081, at *6–7 (W.D. Mich. June 8, 2017), the ALJ never discussed this issue in his decision, so a reviewing court may not consider it.

      Accordingly, I conclude that the ALJ's decision to discount Plaintiff's statements regarding her subjective symptoms is not supported by substantial evidence. Thus, on remand the ALJ should reevaluate Plaintiff's subjective symptoms.

## CONCLUSION

For the foregoing reasons, I recommend that the Commissioner's decision be **reversed and remanded** for further factual findings as set forth above pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: June 7, 2023                                   /s/ Sally J. Berens
                                                      SALLY J. BERENS
                                                      U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).