UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLA JEAN LYON,

    Plaintiff,

v.

    Case No. 1:22-cv-949

    Hon. Hala Y. Jarbou

COMMISSIONER OF SOCIAL SCURITY,

    Defendant.
_____/

## ORDER

Darla Lyon filed for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Administrative Law Judge (ALJ) Nicholas M. Ohanesian issued a written decision denying Lyon's claim, which ultimately became the Commissioner's final decision. (Admin. R., ECF No. 6-2.) Lyon now brings this civil action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the Commissioner's denial of her claim. The Court's role is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Id.*; *Willbanks v. Sec'y of Health & Hum. Servs.*, 847 F.2d 301, 303 (6th Cir. 1988).

On June 7, 2023, Magistrate Judge Sally Berens issued a Report and Recommendation (R&R) recommending that the Commissioner's decision be reversed and remanded for further factual findings. (ECF No. 17.) Before the Court are the Commissioner's objections to that recommendation. (ECF No. 18.) Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Lyon challenges three aspects of the ALJ's decision. First, she argues that the ALJ failed to properly evaluate the opinion of her treating provider, David Barney, PA-C. Second, she argues that the ALJ failed to evaluate the third-party function report submitted by her husband. Third and finally, she argues that the ALJ failed to properly evaluate her subjective symptoms. The magistrate judge agreed with Lyon on her first and third arguments and rejected her second as meritless. The Commissioner objects to both adverse recommendations.

*Barney's Medical Opinion.* The ALJ primarily considered two competing medical opinions: the Barney opinion, issued by Lyon's treating provider; and the Geoghegan opinion, issued by consulting physician Dr. Michael Geoghegan. When evaluating competing medical opinions, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings." 20 C.F.R. § 404.1520c(a). Rather, each opinion will be evaluated using specific factors and the ALJ "will articulate how [he or she] considered the medical opinions[.]" *Id.* Two of those factors—supportability and consistency—must be discussed explicitly. *Id.* § 404.1520c(b)(2). The magistrate judge recommended "remand . . . because the ALJ failed to meet the regulation's minimum level of articulation[ ]" as to both factors. (R&R 10.)

After a relatively lengthy discussion of the Geoghegan opinion, the ALJ then listed the findings of the Barney opinion. The ALJ concluded:

> I do not find Mr. Barney's opinions persuasive. Mr. Barney's very restrictive limitations are not supported by any references to the record or testing or with explanation. Moreover, Mr. Barney's opinions are inconsistent with the medical evidence of record, in particular, the claimant's exam with Dr. Geoghegan in August 2020 and her ability to do some housework, cooking and cleaning.

2

(Admin. R. 25, ECF No. 6-2.) To emphasize, this is the sum total of the ALJ's analysis of Barney's opinion—a listing of his findings and a conclusory statement that those findings are unsupported and inconsistent.

As noted by the magistrate judge, the ALJ's statement that Barney's opinion is "not supported by any reference to the record or testing" appears incorrect, or at least overstated. For instance, the ALJ overlooked that Barney's opinion concerning Lyon's right arm pain and weakness *was* supported by clinical findings (Medical Exhibits, ECF No. 6-8, PageID.576). The Commissioner does not directly dispute this; rather, she argues that because the ALJ mentioned Barney's observations, the ALJ met the articulation standard. But the Commissioner misses the point. Listing findings and then saying those findings are not supported by clinical evidence *when they are* leaves this Court to guess as to how the ALJ worked through this inconsistency to arrive at his conclusion. That is not this Court's role. *See, e.g.*, *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519-20 (6th Cir. 2011) ("the ALJ's decision still must say enough to allow the . . . court to trace the path of his reasoning.") (internal quotations omitted).

The Commissioner attempts to salvage the supportability findings by arguing that what the ALJ meant was not that the record contained *no* support for the findings, but that the record contained *insufficient* support for the extent of Lyon's limitations contained in the findings. That may be so, but that is for the ALJ to adequately explain, not for this Court to extrapolate. *See Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich 2021) ("It is not the role of a reviewing court to comb the record . . . [t]he administrative adjudicator has the obligation in the first instance to show his or her work[.]")

The Commissioner relies on *Rottman v. Commissioner of Social Security*, 817 F. App'x 192 (6th Cir. 2020), to support her argument that the ALJ need not give a more thorough

3

explanation. This reliance is misplaced. First, that case involved an ALJ's opinion that was issued under old regulations that no longer apply. *Id.* at 195 (discussing the old treating physician rule). Second, the court found "the ALJ's analysis demonstrate[d] that he carefully reviewed the record," and thus he did not need to cite additional evidence or explain every aspect of the record. *See id.* at 196. Here, the ALJ's terse discussion of Barney's opinion *did not* demonstrate a careful, analytical review. Listing evidence and concluding one way or the other is not analysis.

The ALJ's consistency analysis suffers from a similar flaw. The magistrate judge noted several instances where the ALJ cited medical records but failed to explain how those records were inconsistent with Barney's opinions. (R&R 9-10.) The Commissioner argues that because the ALJ discussed the Geoghegan opinion thoroughly and cited medical records throughout the opinion, merely listing Barney's findings was sufficient to determine his "assessment of extreme limitations conflicted with Dr. Geoghegan's largely normal consultative examination findings" and his "opinion conflicts with the medical evidence of record." (Def.'s Objs. 5.)

But just because the ALJ's opinion may contain all of the components necessary to support his conclusion does not mean that he has provided the required minimum articulation. "The administrative adjudicator has the obligation in the first instance to show his or her work, i.e., to explain in detail *how the factors actually were* applied in each case, to each medical source." *Hardy*, 554 F. Supp. 3d at 909 (emphasis in original). Listing findings and then concluding those findings are inconsistent with the medical record as a whole is not showing work. The ALJ simply has not explained precisely what is inconsistent; citing the entire medical record does not make this Court's task any easier. Indeed, painting with this broad of a brush means the Court must "comb the record and imagine manifold ways in which the factors could have been applied to the evidence that was presented." *Id.*

In short, the ALJ failed to adequately evaluate Barney's opinion. The regulations require a discussion of at least the supportability and consistency factors. That discussion must be substantial enough to allow the Court to understand how those factors were evaluated. Mere statements that an opinion is unsupported by or is inconsistent with the record, without more, fall short, as they do here. Remand is warranted.

*Subjective Symptoms.* Social Security Ruling 16-3p requires the ALJ to "clearly articulate[]" their "specific reasons for the weight given to the individual's symptoms." SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). The magistrate judge concluded that the ALJ again fell short of the requisite articulation because "he provided no specific analysis that would permit this Court to determine that substantial evidence supports his evaluation of Plaintiff's subjective statements." (R&R 12.)

A review of the ALJ's opinion supports the magistrate judge's conclusions, and the Commissioner's attempts to argue otherwise are unpersuasive. There is no "clear articulat[ion]" and no "specific reasons" are given. Rather, the ALJ once again recounts a litany of medical records and concludes "the claimant's statements . . . are not entirely consistent with the medical evidence and other evidence," without explaining why or how. (Admin. R. 22.)

The Commissioner argues that "the ALJ did not simply state that Plaintiff's symptoms were inconsistent with the record as a whole without further explanation" but "[t[o the contrary" referred to the "reasons explained in this decision." (Def.'s Objs. 8.) This argument is revealing. It is not sufficient to list medical evidence, conclude Lyon's symptoms are "not entirely consistent," and then reference the medical evidence cited as proof of the inconsistency. That is circular reasoning, not explanation.

5

The Commissioner attempts to provide post hoc rationalizations as to why this Court should accept the ALJ's opinion by pointing to inconsistencies that may be divined from the record. But generally, Courts "shall not accept . . . post hoc rationalization for agency action in lieu of [accurate] reasons and findings enunciated by the Board." *Keeton v. Comm'r of Soc. Sec.*, 538 F. App'x 515, 524 (6th Cir. 2014) (internal quotations omitted). Nevertheless, the Commissioner argues that the Sixth Circuit "ha[s] held that courts may consider evidence in the record supporting the ALJ's decision, regardless of whether it was cited by the ALJ." (Def.'s Objs. 9 (citing *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 786 (6th Cir. 2017).)

Once again, the Commissioner relies on case law that does not support her position. In *Biestek*, the Sixth Circuit rejected Plaintiff's argument that the ALJ "faile[d] to elaborate on her specific rationale for discounting [a medical opinion] beyond referencing . . . MRI evidence." *Biestek*, 880 F.3d at 786. The Sixth Circuit found that the MRI evidence was "the most notable evidence the ALJ relied on" and that "other evidence in the record also support[ed] the ALJ's decision." *Id.* Unlike in *Biestek*, this Court is left without any indication of "the most notable evidence the ALJ relied on." Cross-checking the record to verify an ALJ's reliance on a specific, articulated piece of evidence, as the *Biestek* court did, is wholly different than searching the record to supply the ALJ's reasoning for him, as the Commissioner asks this Court to do.

As with Barney's opinion, this Court is left to fill in the gaps as to why the ALJ discounted Lyon's subjective symptoms. The ALJ's "logic or reasoning in this regard is not readily discernible from [his] opinion." *Fish v. Comm'r of Soc. Sec.*, No. 1:18-CV-1257, 2019 WL 8129461, at *4 (W.D. Mich. Oct. 3, 2019), *report and recommendation adopted*, No. 1:18-CV-1257, 2020 WL 1028055 (W.D. Mich. Mar. 3, 2020). Remand is warranted.

On review, the Court concludes that the R&R correctly analyzes the issues and makes a sound recommendation.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No.17) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **VACATED** and this matter is **REMANDED** for further administrative action under sentence four of 42 U.S.C. § 405(g).

Dated: October 20, 2023         /s/ Hala Y. Jarbou
                                HALA Y. JARBOU
                                CHIEF UNITED STATES DISTRICT JUDGE